Toar Timothy TENDEAN, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–76989.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008 *.

Filed Sept. 9, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, U.S. Department of Justice, Office of the District Counsel, Seattle, WA, Eric W. Marsteller, M. Jocelyn Wright, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

. MEMORANDUM **

Toar Timothy Tendean, a native and citizen of Indonesia, petitions for review of a Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

■ We do not consider Tendean's asylum claim because he failed to exhaust his challenge to the IJ's time-bar finding, which is dispositive. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

■ Substantial evidence supports the agency's determination that Tendean did not suffer past persecution. *See Nagoulko,* 333 F.3d at 1016–18. Assuming, without deciding, that the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004) applies to Indonesian Christians and applies in the context of withholding of removal, substantial evidence supports the agency's determination that Tendean failed to demonstrate that it was more likely than not he will be persecuted on account of a protected ground if he returned to Indonesia. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir.2003). Finally, Tendean did not establish that the group to which he claims he belongs, Seventh Day Adventist Christians who have become Americanized, is subject to the systematic, government-sanctioned mistreatment that is required to show a "pattern or practice" of persecution. *See Kotasz v. INS,* 31 F.3d 847, 852–53 (9th Cir.1994).

■ Substantial evidence also supports the agency's determination that Tendean is not entitled to CAT relief because he has not demonstrated that it is more likely than not that he will be tortured if he returns to Indonesia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**